UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN SCOTT WARNER,<br><br>  Petitioner,<br><br>  v.<br><br>ROB ST. ANDRE,<br><br>  Respondent. | Case No. 22-cv-02916-JD<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Ryan Warner, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The mixed petition was dismissed with leave to amend, and petitioner has filed a response.

## BACKGROUND

Petitioner was found guilty of murder with the special circumstance of torture and assault resulting in the death of a child under eight years old. *People v. Warner*, No. A152049, 2021 WL 194226, at *1 (Cal. Ct. App. Jan. 20, 2021). Petitioner was sentenced to life without the possibility of parole. *Id*. at 21. The California Court of Appeal reversed the special circumstance finding but affirmed the judgment in all other respects. *Id*. at 1. The California Supreme Court denied review. Petition at 3.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

The original petition presented numerous claims, but it appeared that only certain claims were exhausted.[1] A more thorough review of petitioner's filings reflect that he states the following claims were presented to the California Supreme Court and appear exhausted: (1) there was insufficient evidence that petitioner acted with the intent to torture to support his conviction for first degree torture murder; (2) trial counsel was ineffective for failing to object to the prosecution's misstatement of the reasonable doubt standard in rebuttal argument; (3) an erroneous pinpoint jury instruction regarding aiding and abetting allowed jurors to convict petitioner based on proof insufficient to meet guilt beyond a reasonable doubt; (4) the pinpoint instruction allowed the jury to convict him based on his codefendant's intent; (5) trial counsel was ineffective for failing to object to the pinpoint jury instruction and to the trial court's response to the jury's first question; (6) a jury instruction erroneously allowed the jury to convict him based on the invalid legal theory that he failed to perform a legal duty; (7) the trial court violated his rights by failing to instruct the jury on involuntary manslaughter; and (8) cumulative error.

Petitioner was informed that he could either demonstrate that the unexhausted claims had been exhausted, continue only with the exhausted claims and dismiss the unexhausted claims or file a motion for a stay. Petitioner has filed a response (Dkt. No. 10) and indicates he wishes to

---

[1] Petitioner stated that he only filed a state habeas petition in the Napa County Superior Court with respect to several claims. Dkt. No. 1 at 3.

1 continue with the exhausted claims. The unexhausted claims are dismissed from the petition and
2 liberally construed, the above eight claims appear exhausted and are sufficient to require a
3 response.

**CONCLUSION**

1. The Clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The Clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Dkt. No. 1).

2. Respondent shall file with the Court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due sixty (60) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.

1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July 25, 2022

JAMES DONATO
United States District Judge

4